## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MIATTA KABA,

                Plaintiff,

        v.

PRESSLER, FELT & WARSHAW LLP; and
JOHN DOES 1 to 10,

                Defendants.

No. 25-cv-2028

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J:**

Plaintiff Miatta Kaba brings this action against Defendant Pressler, Felt & Warshaw LLP ("PFW") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as common law claims of fraud and fraudulent inducement. Before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). ECF No. 10. The Court decides the Motion on the papers and without oral argument. L. Civ. R. 78.1(b). For the reasons set forth herein, the Motion is **GRANTED**.

## I.    BACKGROUND

The following facts are taken from the Complaint and are accepted as true only for the purposes of resolving the instant Motion. The Court takes judicial notice of docket entries from the state court proceeding relevant to this action. *See Toscano v. Conn. General Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam).

Kaba alleges that she incurred debt (the "Debt") from Comenity Bank, and through a series of financial transactions, the Debt was ultimately transferred to LVNV Funding, LLC ("LVNV"). Compl. ¶¶ 17-21. At least two of these transactions, according to Plaintiff, were void under the New Jersey Consumer Finance Lending Act ("NJCFLA") due to the failure of certain entities to obtain licenses as "consumer lender[s] or sales finance compan[ies] to lawfully take assignment of the Debt." *Id.* ¶¶ 18, 20. As a result, Kaba alleges, the Debt was void before it came within LVNV's control. *Id.* ¶¶ 22.

On January 18, 2021, LVNV filed a lawsuit against Kaba in the Superior Court of New Jersey, Mercer County to collect the Debt (the "Collection Action"). *Id.* ¶ 26. PFW, Defendant here, represented LVNV in the Collection Action. O'Brien Decl. Ex. B.[1] The Collection Action

---

[1] Attached as Exhibits B, C, D and E to the O'Brien Declaration are, respectively, the Complaint in the Collection Action, the Default Judgment in the Collection Action, Kaba's Motion to Vacate in the Collection Action, and the

was disposed of via default judgment entered on March 22, 2021 (the "Judgment"). *Id.* Ex. C; Compl. ¶ 28. Kaba moved to vacate the Judgment, arguing, *inter alia*, that the Debt was void. O'Brien Decl. Ex. D; Pl.'s Opp'n 3-4. The Superior Court denied her motion, *id.* Ex. E; Pl.'s Opp'n 4, and Kaba commenced this action a few months later. The Motion followed.

## II.   LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(1) requires a court to grant dismissal if it is without subject matter jurisdiction to hear a claim. A court lacks jurisdiction over a claim if, for example, the plaintiff cannot demonstrate standing,[3] or if the *Rooker-Feldman* doctrine applies. The first determination in any challenge to subject matter jurisdiction is whether the Motion presents a facial or factual attack on Plaintiff's claims. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). While a facial attack "asserts that [a claim] is insufficient to invoke the subject matter jurisdiction of the court" due to some jurisdictional defect, *id.* at 358, a factual attack argues that "the facts of the case do not support the asserted jurisdiction." *Dupont v. United States*, 197 F. Supp. 3d 678, 683 (D.N.J. 2016).

Here, the standing inquiry and *Rooker-Feldman* challenge are best categorized as facial challenges. *See Potter v. Cozen O'Connor*, 46 F.4th 148, 152 (3d Cir. 2022) (standing); *Farzan v. Bayview Loan Servicing, LLC*, No. 20-cv-3330, 2021 WL 613843, at *2 n.4 (*Rooker-Feldman*). Accordingly, the Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party*, 757 F.3d at 358 (citation modified).

## III.   DISCUSSION

### 1.   Standing

"Standing is a threshold jurisdictional requirement," and courts have a "bedrock obligation" to examine their own subject matter jurisdiction. *George v. Rushmore Serv. Center, LLC*, 114 F.4th 226, 234 (3d Cir. 2024). To establish standing, a plaintiff must demonstrate "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132,

---

Superior Court's Order Denying the Motion to Vacate the Default Judgment. ECF Nos. 10-2–10-6. Plaintiff does not dispute the authenticity of these documents.

[2] Defendant's Motion, styled under Federal Rule of Civil Procedure 12(b)(6), raises multiple arguments. Some, like Defendant's *Rooker-Feldman* challenge, are more properly brought under Rule 12(b)(1), as *Rooker-Feldman* contests a court's subject matter jurisdiction. 9A Wright & Miller's Federal Practice & Procedure § 1350 (4th. ed.); *Whiteford v. Reed*, 155 F.3d 671, 672 (3d Cir. 1998). Because the Court does not reach any issues that implicate Rule 12(b)(6), this section delineates only the legal standard for Rule 12(b)(1). *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (holding that challenges to standing should be brought pursuant to Rule 12(b)(1)).

[3] Pursuant to the Court's January 8, 2026 Order, the parties submitted supplemental briefs addressing whether Plaintiff adequately pled Article III standing. ECF No. 19.

144 (3d Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992)). The first element requires Plaintiff to plead a harm that is concrete, rather than abstract. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).

Monetary harm duly qualifies as a concrete injury under Article III. *Id.* Still, a complaint must contain factual allegations that the complainant did, in fact, suffer a monetary loss. *See Huber*, 84 F.4th at 149 (finding plaintiff's expending her own resources to consult with a financial advisor to be a concrete injury); *Tomaine v. Selip & Stylianou, LLP*, No. 20-cv-156, 2023 WL 5994641, at *3 (D.N.J. Sept. 15, 2023) (finding that a bank levy qualifies as a concrete injury); *Gottlieb v. JH Portfolio Debt Equities, LLC*, No 22-cv-1020, 2022 WL 17730891, at *4 (D.N.J. Sept. 22, 2022) (finding no concrete injury where the complaint did not describe what loss was suffered) (citation modified). Courts also consider intangible harms (*e.g.*, informational injuries) in analyzing standing, although such harms are not dispositive. *Huber*, 84 F.4th at 145. There must be an accompanying "physical, monetary, or cognizable intangible harm, such as a reputational or emotional harm." *Id.* at 147.

Kaba argues she has standing to pursue her claims because she suffered two injuries-in-fact: economic loss and emotional harm. Pl.'s Supp. Br. 1-2. Plaintiff is correct that a monetary loss confers standing. *TransUnion*, 594 U.S. at 424. It is not abundantly clear from the Complaint, however, whether Kaba actually suffered any financial losses.[4] Nor are her "bare-bones allegations" of experiencing "stress, anxiety, and embarrassment" sufficient to allege a concrete injury. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see Dervitz v. ARS Nat'l Servs. Inc*, No. 22-3090, 2024 WL 1173739, at *4 (3d Cir. Mar. 19, 2024). Nonetheless, the Court concludes that, viewing the Complaint in the light most favorable to Plaintiff, the Complaint adequately pleads an injury-in-fact. Kaba asserts that she was subject to a levy, although the status of its enforcement is not pled. Compl. ¶ 28. This is enough to satisfy the standing threshold. *See Tomaine*, 2023 WL 5994641, at *3.

### 2. *Rooker-Feldman*

The *Rooker-Feldman* doctrine forbids district courts from engaging in appellate review of state court judgments. The doctrine applies when "(1) the federal plaintiff [loses] in a state-court judicial proceeding; (2) the state-court judgment or decree [is] rendered before the federal action was filed; (3) the federal plaintiff invite[s] the review and rejection of the state-court judgment; and (4) the federal plaintiff complain[s] of injuries caused by the state-court judgment." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citation modified). Courts in this Circuit have held that, once a state court has determined a debt to be valid, any subsequent attack on the validity of that debt is barred by *Rooker-Feldman. Meyers v. Caliber Home Loans, Seterus, Inc.*, No. 19-cv-

---

[4] To the extent Kaba argues she incurred an "actual out-of-pocket loss," Pl.'s Supp. Br. 2, such allegations are not found on the face of the Complaint, and the Court does not consider them. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

596, 2019 WL 4393377, at *6 (M.D. Pa. Sept. 13, 2019); *In re Ogilvie*, 533 B.R. 460, 468 (Bankr. M.D. Pa. 2015).

Kaba's FDCPA claim falls outside this Court's subject matter jurisdiction under principles of *Rooker-Feldman*. The Superior Court granted default judgment in the Collection Action and denied vacatur of the same prior to this action's commencement. *See* O'Brien Decl. Exs. C, E. This satisfies elements one and two of *Rooker-Feldman. See Todd v. U.S. Bank Nat'l Assoc.*, 685 F. App'x 103, 105 (3d Cir. 2017) ("[A] validly entered default judgment can bar federal jurisdiction under the *Rooker-Feldman* doctrine").

Moreover, because the Complaint challenges the validity of the Debt, the Court finds that the Complaint both invites the review of and complains of the Judgment. In the Collection Action, Kaba advanced the same argument she offers here: the Debt is void under the NJCFLA because certain entities who took title to the Debt failed to obtain the requisite license. *See* O'Brien Decl. Ex. D. If the Superior Court had found the Debt was void, it would have granted vacatur. It did not. *Rooker-Feldman*, therefore, bars Plaintiff from relitigating that issue here. *See Meyers*, 2019 WL 439377, at *6.

Plaintiff argues that she challenges not the Judgment but instead PFW's "filing of the lawsuit and subsequent collection activities. Pl.'s Opp'n 7 (emphasis omitted). This argument is unpersuasive. Despite Plaintiff's arguments to the contrary, the Complaint seeks to attack the validity of the Debt. *See* Compl. ¶¶ 22, 29, 35, 38, 41, 47 (asserting the Debt was void). For these reasons, the Court concludes that Plaintiff's FDCPA claim is inextricably intertwined with the Judgment and it cannot exercise its jurisdiction. This leaves only Plaintiff's fraud and fraudulent inducement claims, over which the Court declines to exercise supplemental jurisdiction. *Assoc. of N.J. Rifle and Pistol Clubs, Inc. v. Christie*, 850 F. Supp. 2d 455, 462 (D.N.J. 2012). The Complaint is **DISMISSED**.

## IV.   CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. An appropriate order follows.

Date: March 30, 2026

WILLIAM J. MARTINI, U.S.D.J.

4